UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT SHORTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00657-JPH-DLP |
| JACK HENDRIX Executive Director of Classification; et al., | ) ) ) ) |
| Defendants. | ) ) |

**Order Screening Amended Complaint, Dismissing Insufficient Claims, and
Directing Issuance of Process**

Plaintiff, Robert Shorter, at all times an inmate in the Indiana Department of Correction ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Shorter is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Before the Court screened his original complaint, Mr. Shorter filed a motion to amend. Dkt. 9. The Court granted the motion and directed Mr. Shorter to file an amended complaint with all claims against all defendants. Dkt. 11. The amended complaint, dkt. 12, is now subject to screening.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual

1

matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

At relevant times, Mr. Shorter was incarcerated at Wabash Valley Correctional Facility ("WVCF"), Pendleton Correctional Facility ("PCF"), and New Castle Correctional Facility ("NCCF"). He names twelve defendants in his amended complaint: (1) Charles Dugan, Case Worker at WVCF; (2) Beverly Gilmore, Case Worker at WVCF; (3) Jerry Snyder, Unit Team Manager at WVCF; (4) Richard Brown, WVCF Warden (former); (5) Frank Vanihel, WVCF Warden (current), (6) Dushan Zatecky, PCF Warden; (7) John Stafford, Unit Team Manager at PCF; (8) Mr. Arnold, Case Worker at PCF; (9) Mr. Cook, Case Worker at PCF; (10) Ms. Brown, Case Worker at PCF; (11) Robert Carter, IDOC Commissioner; and (12) Jack Hendrix, Executive Director of Classification at IDOC. Mr. Shorter seeks compensatory and punitive damages.

According to the amended complaint, Mr. Shorter has been held in segregation without proper review since 2012 (with only a short break from segregation) at three different facilities. Mr. Shorter alleges that in segregation, he is confined to a small cell for 23 hours a day and allowed outdoor recreation for one hour a day alone. Whenever he leaves his cell, he has his hands cuffed behind his back and his legs shackled. He can only shower three times a week. All meals are eaten alone. A security light remains on 24 hours a day, disturbing his sleep. He is allowed no physical contact or socialization with his family or friends.

Inmates in solitary confinement are entitled to a periodic review to determine if the reason for segregation still exists. Mr. Shorter alleges that at each institution, he has received nothing but perfunctory 30-day reviews, only learning about them after the fact when he receives a copy of the form in the mail.

Mr. Hendrix, as executive director of classification for IDOC, is responsible for ensuring that IDOC personnel are complying with policies related to classification. Similarly, Robert Carter, as Commissioner, creates policies and rules for IDOC. Mr. Shorter alleges that I.C. § 11-10-1-7(b)[1] violates the Constitution.

### January 2012 – July 2014: Wabash Valley Correctional Facility

Mr. Shorter was placed in administrative segregation at WVCF on or about January 24, 2012 until July 26, 2014.[2] During this time, Ms. Gilmore, Mr. Snyder, and Warden Brown failed to provide Mr. Shorter meaningful periodic review to determine if Mr. Shorter should remain in segregation.

### February 2016 – February 2020: Pendleton Correctional Facility

In February 2016, Mr. Shorter was transferred to PCF without any notification or information about how he could appeal the transfer.

From February 2, 2016, through February 19, 2020, PCF officials Warden Zatecky, Mr. Stafford, Mr. Arnold, Mr. Cook, and Ms. Brown failed to provide Mr. Shorter meaningful periodic review to determine if Mr. Shorter should remain in segregation.

---

[1] Section (b) of the statute, which governs inmates involuntarily placed in segregation, provides: "The department shall review an offender so segregated at least once every thirty (30) days to determine whether the reason for segregation still exists." I.C. § 11-10-1-7(b).

[2] In Mr. Shorter's prior complaint and motion to amend, he stated that he was released to general population on July 24, 2014, before being placed back in segregation from December 2014 until his transfer to PCF in February 2016. Dkt. 2 at 4; dkt. 9 at 2–3. Because all claims from this time period are barred by the statute of limitations, the Court need not ask Mr. Shorter whether he wants to amend his complaint again to reintroduce allegations from his second stint in segregation at WVCF.

### February 2020 – October 2020: New Castle Correctional Facility

On February 19, 2020, Mr. Shorter was transferred to NCCF to participate in the STAND Program, which helps inmates transition from solitary confinement to general population. Mr. Shorter is a Hebrew Israelite. He was issued a conduct report for wearing a COVID-19 face mask with a Star of David because it was alleged to be a gang symbol.[3] As a result of the conduct report, staff at NCCF reviewed Mr. Shorter's internal affairs prison record and placed him back in segregation on April 29, 2020, pending transfer to long-term segregation due to "safety and security reasons." Dkt. 12 at 7. Mr. Shorter alleges that the decision to place him in segregation was rooted in his past conduct violation for a Class A-100 homicide at WVCF in 2014, rather than current conduct. From April 24, 2020, through October 28, 2020, Mr. Shorter was denied meaningful review of his placement in restrictive housing.

Mr. Hendrix approved Mr. Shorter's transfer back to department-wide long-term segregation based on Mr. Shorter's 2014 conduct report and other old conduct reports.

### October 2020 – Present: Wabash Valley Correctional Facility

Upon his return to WVCF and placement in segregation, Mr. Shorter asked Mr. Snyder why he was considered a security threat. Mr. Snyder responded, "Central Office approved the assignment. The conduct history refers to overall DOC conduct, which includes an offender homicide. That qualifies you as a security threat." Dkt. 12 at 8.

Since his return to WVCF, Mr. Shorter has been denied his right to appeal his 30-day reviews and has not received any meaningful reviews.

Warden Vanihel, the current warden at WVCF, has failed to ensure that meaningful reviews are taking place.

---

[3] This is the subject of another pending civil rights suit in this Court. *Shorter v. Dunn*, No. 1:20-cv-02824-JRS-TAB.

4

### III. Discussion

The claims based on Mr. Shorter's placement in solitary confinement at WVCF from 2012 to 2014 are barred by the statute of limitations. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. Mr. Shorter's claims accrued against nearly all the WVCF defendants by no later than July 26, 2014, when he was temporarily released from segregation at WVCF, or February 2, 2016,[4] when he was transferred from WVCF to PCF. Mr. Shorter's complaint was signed on November 30, 2020, more than two years after the expiration of Indiana's 2-year statute of limitations.

The Court construes Mr. Shorter's amended complaint as asserting that the entire period of segregation was a continuing harm for which the limitations period would begin only upon his release from segregation. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (statute of limitation for a continuing harm begins to run on the last occurrence of the harm). If Mr. Shorter had remained in the same facility for the entire period, the continuing harm doctrine might have allowed him to bring his claims for the entire period. But when Mr. Shorter was transferred from WVCF to PCF, the WVCF defendants were no longer capable of stopping the harm, and at least as to them, the harm no longer continued. *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019). "[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)

---

[4] As discussed above, Mr. Shorter previously included allegations about his second period in segregation at WVCF from December 2014 until his transfer to PCF in February 2016. Whether he intentionally or accidentally omitted the allegations from his amended complaint is of no moment, since they, too, would be barred by the statute of limitations.

(internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate). Accordingly, any claim arising out of Mr. Shorter's time in segregation at WVCF from 2012 to 2016 is **dismissed as untimely**, and Warden Richard Brown and Beverly Gilmore are **dismissed** as defendants. Mr. Snyder remains as a defendant because, liberally construing the amended complaint, Mr. Shorter alleges that Mr. Snyder has failed to provide meaningful review of Mr. Shorter's placement since Mr. Shorter's return to WVCF in October 2020.

Any claim against case worker Charles Dugan is **dismissed for failure to state a claim upon which relief can be granted**. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There are no allegations against Mr. Dugan in the body of the amended complaint. But assuming Mr. Dugan was a caseworker at WVCF from 2012 to 2016, any claim against him would also be dismissed as being barred by the statute of limitations.

This action **shall proceed** with Fourteenth Amendment due process and Eighth Amendment conditions-of-confinement claims against the following defendants in their individual capacities only: (1) Dushan Zatecky, PCF Warden; (2) John Stafford, Unit Team Manager at PCF; (3) Mr. Arnold, Case Worker at PCF; (4) Mr. Cook, Case Worker at PCF; (5) Ms. Brown, Case Worker at PCF; (6) Jerry Snyder, Unit Team Manager at WVCF; (7) Jack Hendrix, Executive Director of Classification at IDOC; (8) Warden Vanihel; and (9) Robert Carter, IDOC Commissioner. *See Miller v. Smith,* 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official

capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

This summary includes all the viable claims identified by the Court. If Mr. Shorter believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 18, 2021**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to **terminate** Warden Richard Brown, Deputy Warden Frank Littlejohn, and Randall Parcell as defendants on the docket and to **add** Warden Vanihel and Robert Carter, IDOC Commissioner, as defendants.

Further, the **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants (1) Dushan Zatecky, PCF Warden; (2) John Stafford, Unit Team Manager at PCF; (3) Mr. Arnold, Case Worker at PCF; (4) Mr. Cook, Case Worker at PCF; (5) Ms. Brown, Case Worker at PCF; (6) Jerry Snyder, Unit Team Manager at WVCF; (7) Jack Hendrix, Executive Director of Classification at IDOC; (8) Warden Vanihel; and (9) Robert Carter, IDOC Commissioner. Process shall consist of the amended complaint, dkt. [12], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED.**

Date: 5/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT SHORTER
108402
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to IDOC Employees—

*at Pendleton Correctional Facility:*

Dushan Zatecky, PCF Warden
John Stafford, Unit Team Manager
Mr. Arnold, Case Worker
Mr. Cook, Case Worker
Ms. Brown, Case Worker

*at Wabash Valley Correctional Facility:*

Jerry Snyder, Unit Team Manager
Warden Vanihel

*at IDOC Central Office:*

Robert Carter, Commissioner
Jack Hendrix, Executive Director of Classification