UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT SHORTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACK HENDRIX Executive Director of )<br>Classification; is being sued in his official and )<br>individual capacity., et al., )<br>)<br>Defendants. ) | No. 2:20-cv-00657-JPH-DLP |

**Order Denying Motion to Reconsider and
Motions to Proceed *In Forma Pauperis* on Appeal**

Plaintiff Robert Shorter alleges that the defendants violated his Eighth and Fourteenth Amendment rights due to his continued placement in segregation in the Indiana Department of Correction from January 2012 through present.

Mr. Shorter again challenges the Court's dismissal of some claims based on the statute of limitations. For the following reasons, his motion to reconsider, dkt. [24], is **denied**, and his motions to proceed on appeal *in forma pauperis*, dkt. [28] and dkt. [38], are **denied**.

## I. Background

According to his amended complaint, Mr. Shorter was held in solitary confinement at Wabash Valley Correctional Facility (WVCF) from January 2012 to February 2016, at Pendleton Correctional Facility from February 2016 to February 2020, at New Castle Correctional Facility from April 2020 through October 2020, and again at WVCF from October 2020 through present.

The Court screened Mr. Shorter's amended complaint and dismissed claims involving Mr. Shorter's incarceration in segregation at WVCF from 2012 to 2016 as being barred by the statute of limitations. Dkt. 13 at 3, n.2, 5. As noted in the Screening Order, the applicable statute

of limitations is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. The Court construed the amended complaint as asserting that the entire period of segregation was a continuing harm for which the limitations period would begin only upon Mr. Shorter's release from segregation. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (statute of limitation for a continuing harm begins to run on the last occurrence of the harm). Thus, if Mr. Shorter had remained in the same facility for the entire period, the continuing harm doctrine might have allowed him to bring his claims for the entire period. But when Mr. Shorter was transferred from WVCF to PCF, any harm that the WVCF defendants were alleged to have caused ended. *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019) (observing that doctor's resignation triggered accrual date because his "involvement in the alleged wrong [was] over" after his departure from the institution). This means the statute of limitations on the 2012−2016 period expired in 2018, and claims for that timeframe were barred.

Mr. Shorter moved to reconsider the dismissal of those claims, arguing that none of them accrued until July 2020 when his cellmate informed him of *Isby v. Wynn*, 2:12-cv-116-JMS-MJD (S.D. Ind.). Dkt. 16. A claim under 42 U.S.C. § 1983 "accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011). The Court construed Mr. Shorter's argument as relying on the doctrine of fraudulent concealment. In Indiana the doctrine of fraudulent concealment creates an equitable exception to the statute of limitations defense if the defendants concealed material facts that prevented the plaintiff from discovering a potential cause of action. *Id.* at 582. "To successfully invoke the fraudulent concealment and toll the statute of limitations, a plaintiff must

establish that the concealment or fraud was of such a character to prevent inquiry, elude investigation, or to mislead the plaintiff." *Id.*

The Court denied Mr. Shorter's motion to reconsider, finding that the doctrine of fraudulent concealment did not apply to excuse Mr. Shorter from filing outside the statute of limitations because (1) his amended complaint indicated that he received 30-day review forms in his mail every month and he was aware of the conditions of his confinement, and (2) the Seventh Circuit decision in *Isby v. Brown*, 856 F.3d 508 (7th Cir. 2017) was issued in 2017, and nothing prevented Mr. Shorter from learning about *Isby* before July 2020. Dkt. 23.

## II.     Motion to Alter or Amend Judgment

On August 23, 2021, Mr. Shorter filed a motion to alter or amend judgment pursuant to Federal Rule of Procedure 59(e). Dkt. 24. Rule 59(e) is only operative when the Court has entered final judgment in a matter, closing the entire case. Because several claims remain pending regarding Mr. Shorter's treatment during other time periods, no judgment has been entered that can be altered or amended. Rather, Mr. Shorter is merely seeking reconsideration of the Court's order on his first motion to reconsider. Construing the motion to alter or amend as a second motion to reconsider, Mr. Shorter's motion, dkt. [24], is **denied** for the same reasons discussed in the Court's previous order, dkt. 23.

## III.     Motions to Proceed *In Forma Pauperis*

Mr. Shorter has also filed a notice of appeal of the Court's screening order. Dkt. 26. He seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. Dkts. 28, 38.[1] "An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006

---

[1] The second motion is identical to the first but includes Mr. Shorter's trust account information.

(7th Cir. 2013) (stating that bad faith is a phrase that is understood to mean objective frivolousness).

At this time, there is no objectively reasonable argument Mr. Shorter could present to argue that the Court's screening order, which denied *only* those claims barred by the statute of limitations, or the order denying his motion to reconsider were erroneous. As discussed, the statute of limitations for Mr. Shorter's claims regarding his 2012−2016 incarceration in segregation at WVCF began running upon his transfer to another facility in 2016 and expired in 2018. He had all the information necessary to pursue his claims by 2017 at the latest, and no tolling exception applies because nothing indicates that the defendants prevented him from obtaining that information. In pursuing an appeal, therefore, he "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

## IV.    Conclusion

For the foregoing reasons, the motion to alter or amend judgment, construed as a motion to reconsider, dkt. [24], is **denied**. Mr. Shorter's motions to proceed on appeal *in forma pauperis*, dkt. [28] and dkt. [38], are **denied** because they are brought in bad faith.

**SO ORDERED.**

Date: 9/21/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

ROBERT SHORTER
108402
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Conner Ross Dickerson
INDIANA ATTORNEY GENERAL
conner.dickerson@atg.in.gov

W. Andrew Kirtley
INDIANA ATTORNEY GENERAL
andrew.kirtley@atg.in.gov